IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD M. BIRD

    Plaintiff,

No. S-05-0264 LLK CMK PS

  vs.

RICHARD SCHEULER

    Defendant.               FINDS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se in this action and has been granted the authority to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). By order filed April 7, 2005, plaintiff's complaint was dismissed with leave to file a second amended complaint within thirty days. Plaintiff has now filed a second amended complaint.

        The federal in forma pauperis statute authorizes the undersigned to dismiss an action if the action fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A complaint may only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73

1

(1984).  In reviewing a complaint under this standard, a court must accept the allegations in the complaint as true, construe the pleading in a light most favorable to the plaintiff and resolve all doubts in plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro-se litigant's pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure its defects, a pro-se litigant is entitled to notice and opportunity to amend his complaint before dismissal.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000)(en banc).

  Plaintiff's second amended complaint is titled "constitutional ignorance" and styled in the format of a letter to the undersigned.  Plaintiff asks the undersigned several rhetorical questions and details plaintiff's dissatisfaction with the judicial branch.  However, plaintiff's amended complaint fails to meet the requirements of Federal Rule of Civil Procedure 8 as it contains neither a demand for judgment nor a statement of the claim showing how the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a).  The body of plaintiff's complaint focuses almost entirely on the shortcomings of the court and does not detail how defendant violated plaintiff's constitutional rights, beyond an alleged failure to follow an "Oath."  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  It is clear that no amendment can cure its defects.  Lopez, 203 F.3d at 1127-28.  Accordingly, the undersigned finds that the plaintiff has failed to state a claim upon which relief can be granted and recommends that this action be dismissed.

  IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed for failure to state a claim.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED:  May 11, 2005.

                                               **CRAIG M. KELLISON**
                                               UNITED STATES MAGISTRATE JUDGE